The Honorable James C. Scott State Senator #1 Scott Drive Warren, Arkansas 72671
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 Is it legal for a county within the State of Arkansas to grant a short-term interest-free loan to the county's Rural Development Authority until the Authority can issue bonds to repay the loan?
Although there appear to be no Arkansas cases directly on point, it is my opinion that Article 16, § 1 of the Arkansas Constitution may prohibit such action. That section provides in pertinent part that:
 Neither the State nor any city, county, town or other municipality in this State shall ever lend its credit for any purpose whatever. . . .
The situation presented by your question involves the loaning, by a county, of money to another public entity. Rural Development Authorities are authorized by A.C.A. § 14-88-101 et seq. They are created in each county and may not transact any business or exercise any authority unless the county court declares the need for such an authority. A.C.A. § 14-188-104(a). The authorities are created, however, as separate public bodies corporate and politic. A.C.A. § 14-188-104(a)(1). They are specifically authorized to borrow money under A.C.A. § 14-188-109(2)(A).
Article 16, § 1 of our constitution does not make a distinction between the loaning of credit to public verses private entities. It prohibits counties from loaning their credit for "any purpose whatever." At least one court has stated that similar language covers even loans or expenditures for public purposes. IdahoFalls Consolidated Hospitals, Inc. v. Bingham County Board ofCounty Commissioners, 102 Idaho 838, 642 P.2d 553 (1982). In fact, Article 12, § 5 of the Arkansas Constitution contains a separate provision which prohibits the lending of credit to private corporations.
Unfortunatley, there are no Arkansas cases addressing this particular situation. Most of the cases under Article 16, § 1 involve the issuance of bonds. The only analogous case from another jurisdiction which we have found is Fairfax CountyIndustrial Development Authority v. Conyer, 207 Va. 351,150 S.E.2d 87 (1966). In that case, the county industrial development authority sued for mandamus to compel the county finance director to pay $10,000 appropriated by the county to the authority to cover initial costs of acquiring land and other preliminary expenses for construction of buildings that would ultimately be leased to a private corporation. The authority had mentioned in a separate document that it intended to reimburse the county after the sale of bonds. The court held that Virginia's "credit clause," which stated that "[n]either the credit of the State, nor any county . . . shall be, directly or indirectly, under any device or pretense whatsoever, granted to or in aid of any person, association or corporation," was not violated because the authority served a "public purpose." This constitutional provision, however, is more akin to our Article 12, § 5 than it is to Article 16, § 1, which does not speak in terms of corporations, associations, or individuals. Article 16, § 1 prohibits the loaning of credit for any purpose whatever.
Therefore, we must conclude that there is a plausible constitutional challenge which might be mounted against the county loaning the Rural Development Authority any funds.
We should note, however, that the prohibition of Article 16, § 1 extends, for our purposes, only to the extending of credit; it does not prohibit the outright granting of funds. It appears that this action may be contemplated by the statutes which provide that "it is a proper public purpose for any state body [including counties] to aid . . . any rural development authority operating within its boundaries or jurisdiction. . . ." A.C.A. § 14-188-102
(3). That same subchapter also provides that counties may "do all things necessary or convenient to aid and cooperate in the planning, undertaking, construction, or operation of [rural development] projects." A.C.A. § 14-188-120 (5). We have noted in the past that outright donations to public entities may not be covered by the prohibitions of Art. 12, § 5, which appear to apply only to private entities. See, e.g. Att'y Gen. Op. No. 91-082.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb